IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMY L. GABEL,

                        Plaintiff,                        OPINION & ORDER

    v.

                                                      14-cv-489-jdp

MILLERCOORS, MIKE LOZANO,
RORY PETERS, CHRIS LETO, and
ERIC TILLMAN,

                        Defendants.

---

      Pro se plaintiff Amy Gabel has filed a proposed complaint in which she alleges that prospective employers have retracted job offers they made to her after contacting defendant MillerCoors. Plaintiff alleges that she filed a lawsuit against MillerCoors in 2011, and that since then, MillerCoors has retaliated against her and threatened her.

      The court granted plaintiff leave to proceed without prepayment of her filing fees. Dkt. 3. The next step in this case is for the court to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the complaint with this principle in mind, I conclude that plaintiff has not provided a short and plain statement of a claim for retaliation against any of the defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. I will therefore dismiss plaintiff's complaint in its entirety, but allow her an opportunity to amend.

ALLEGATIONS OF FACT

The substantive portion of plaintiff's complaint is four sentences in length. She alleges that:

> Prospective employers have retracted job offers and refused to communicate with me after contacting MillerCoors. Some have just told me they know MillerCoors and then not hired me. MillerCoors continues to retaliate and threaten me since my lawsuit of 2011. I still have no job since 2011 due to this retaliation.

Dkt. 1, at 2. Plaintiff's caption indicates that defendants Lozano, Peters, Leto, and Tillman are "Managers/Supervisors," but does not otherwise explain what acts or omissions any of them took to give rise to plaintiff's claims.

OPINION

Under Fed. R. Civ. P. 8, a plaintiff must present "a short and plain statement of the claim showing that [she] is entitled to relief." The purpose of the requirement is "to provide the defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Here, I understand plaintiff to assert claims against defendants for violations of Title VII of the Civil Rights Act of 1964. Plaintiff appears to allege that MillerCoors is passing disparaging information about her to prospective employers in retaliation for a lawsuit she filed against MillerCoors in 2011. Her complaint, however, falls short of providing a short and plain statement of such a claim.

Title VII's retaliation provision makes it unlawful for an employer to discriminate against an employee or applicant for employment "because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this

subchapter." 42 U.S.C. § 2000e-3(a). "To plead a retaliation claim under Title VII, a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity, though she need not use those terms, of course." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). Here, plaintiff's complaint does not adequately allege these elements and must therefore be dismissed.

As a preliminary matter, plaintiff does not allege any connection between her and MillerCoors. Her caption identifies MillerCoors as "employer," but the substantive portions of her complaint do not explain whether she worked for MillerCoors, previously applied for a position with the company, or had any type of employment relationship at all. "While individuals are protected from retaliation by their former employers . . . and as applicants for employment," there must be some direct or indirect employment relationship to give rise to Title VII liability. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 667-68 (7th Cir. 2013). If plaintiff chooses to amend her complaint, she must elaborate on her relationship with MillerCoors and the other defendants.

A more significant deficiency is that plaintiff does not describe the adverse actions that MillerCoors has taken. Although she generally alludes to the company communicating with her prospective employers, plaintiff does not articulate how MillerCoors (or any of the other defendants) is hindering her job prospects. The Seventh Circuit has given a broad reach to Title VII's retaliation provision, concluding "that former employees, in so far as they are complaining of retaliation that impinges on their future employment prospects or otherwise has a nexus to employment, do have the right to sue their former employers." *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881, 891 (7th Cir. 1996). But even construing plaintiff's complaint liberally, her allegations do not state with enough particularity what MillerCoors has actually done or what its employees have actually said to plaintiff's prospective employers. If plaintiff chooses to amend

3

her complaint, she must at least minimally articulate what she believes MillerCoors and the remaining defendants are doing to prevent other employers from hiring her.

Finally, it is unclear from plaintiff's complaint whether her 2011 lawsuit qualifies as "protected activity" under Title VII. A previous lawsuit against MillerCoors does not automatically qualify because "Title VII only prohibits retaliation for opposing *a practice made unlawful under Title VII.*" *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 668 (7th Cir. 2006) (emphasis added). Plaintiff likely could not, for example, proceed on a retaliation claim against MillerCoors if her first lawsuit was merely a tort action to recover damages for personal injuries. If plaintiff chooses to amend her complaint, she must provide more information about her prior lawsuit to satisfy the court that her suit amounted to "protected activity" under Title VII.

Apart from ensuring that any amended complaint complies with Rule 8, plaintiff should also know that Title VII includes various procedural requirements that she must satisfy before filing a lawsuit in federal court. One important requirement is that a person may not bring a discrimination claim until she has received a "right to sue" letter from the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(f). After receiving that letter, a person would have 90 days to file a lawsuit. *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009); *see also* 42 U.S.C. § 2000e-5(e)(1) (establishing time limits within which to file a charge of discrimination with the EEOC). Although MillerCoors would have the burden to prove that plaintiff failed to meet these requirements, if it meets that burden, plaintiff's claims under Title VII will have to be dismissed. Therefore, before plaintiff proceeds with an amended complaint, she should consider whether she has satisfied the procedural requirements for bringing this suit. If plaintiff does not amend her complaint by the deadline imposed in this order, I will dismiss this case without prejudice—meaning that she could start over by refiling a new suit against MillerCoors.

ORDER

IT IS ORDERED that:

1) Plaintiff Amy Gabel is DENIED leave to proceed on her Title VII claims against defendants MillerCoors, Lozano, Peters, Leto, and Tillman for retaliating against her because of her 2011 lawsuit;

2) The complaint is DISMISSED in its entirety for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until October 1, 2014, to file an amended complaint that provides a short and plain statement of a Title VII claim against defendants; and

3) If plaintiff fails to timely amend her complaint, the court will dismiss this action, without prejudice, for failure to state a claim upon which relief can be granted.

Entered this 17th day of September, 2014.

> BY THE COURT:
> /s/
> JAMES D. PETERSON
> District Judge