IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMY L. GABEL,

                Plaintiff,                      OPINION & ORDER

  v.

                                                    14-cv-489-jdp

MILLERCOORS, MIKE LOZANO,
RORY PETERS, CHRIS LETO, and
ERIC TILLMAN,

                Defendants.

---

Pro se plaintiff Amy Gabel has had difficulty finding a job since she was terminated by her former employer, defendant MillerCoors. In this Title VII retaliation case, plaintiff alleges that MillerCoors is responsible for her troubles because the company is passing disparaging information about her to prospective employers in the industry and warning them against hiring plaintiff because she is prone to suing for discrimination. According to plaintiff, MillerCoors is acting in retribution for a discrimination suit that she filed against the company several years ago. Because plaintiff is pro se and is proceeding *in forma pauperis*, I screened her complaint pursuant to 28 U.S.C. § 1915 before permitting her to continue with this claim.

MillerCoors has been served with plaintiff's complaint and now moves to dismiss portions of it. The motion is largely unnecessary because I did not permit plaintiff to proceed with the claims that MillerCoors seeks to dismiss. Accordingly, I will deny most of MillerCoors's motion. But two aspects of the motion have merit. First, the scope of this suit must be limited to events that occurred after April 23, 2012. Second, the individuals named as defendants must be dismissed from this case because they are not subject to suit under Title VII.

ALLEGATIONS OF FACT

The screening orders in this case provide a thorough factual background for plaintiff's claims. But I will briefly summarize the key facts, which I draw from plaintiff's initial complaint and from her amended complaint. *See* Dkt. 8, at 2 ("I will consider the two documents together as the 'complaint' in this case."). For purposes of MillerCoors's motion to dismiss, I accept plaintiff's "well-pleaded factual allegations as true and view them in the light most favorable to" her. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). With its motion, MillerCoors attached a copy of the charge that plaintiff filed with the Equal Employment Opportunity Commission (EEOC), Dkt. 12-2, and I can consider the document without converting MillerCoors's motion into one that seeks summary judgment. *See Ocholi v. Skywest Airlines*, No. 11-cv-0310, 2012 WL 256125, at *1 (E.D. Wis. Jan. 27, 2012).

Plaintiff was once employed by MillerCoors. During her employment, plaintiff complained about sexual harassment and safety violations, and she filed a complaint with the Wisconsin Equal Rights Division. MillerCoors then terminated plaintiff's employment. Plaintiff's complaint led to a lawsuit (not this one), but the parties settled the case in January 2012. The settlement agreement did not provide for plaintiff's return to work.

Since leaving MillerCoors, plaintiff has had difficulty finding another job. She alleges that MillerCoors, through her former supervisors, is passing disparaging information about her to potential employers. Plaintiff recounts job interviews during which she was "teased" with information that could only have come from MillerCoors, and she alleges that MillerCoors has "spread the word in the refrigeration and boiler industry not to hire [her] because [she] will sue for discrimination." Dkt. 7, at 1. Plaintiff further alleges that on one occasion, even when she secured employment, she was treated differently after her employer heard rumors about

plaintiff's time at MillerCoors. Finally, plaintiff asserts that MillerCoors is violating the terms of the earlier settlement agreement by failing to provide her with a "neutral" reference.

In this case, plaintiff filed a proposed complaint against MillerCoors on July 7, 2014. I screened plaintiff's complaint, pursuant to 28 U.S.C. § 1915, and dismissed it for failure to comply with Federal Rule of Civil Procedure 8. Dkt. 4. Plaintiff filed an amended complaint on November 6, 2014, Dkt. 7, which I again screened. Dkt. 8. I granted plaintiff leave to proceed with a claim under Title VII's retaliation provision, 42 U.S.C. § 2000e-3, for "her allegations involving defendants passing disparaging information about her to prospective employers and refusing to give her a neutral reference (to the extent that MillerCoors promised to do so as part of its settlement agreement in plaintiff's 2011 lawsuit)." *Id.* at 5.

MillerCoors has now moved to dismiss portions of plaintiff's complaint, Dkt. 11, and has also filed an answer to her complaint, Dkt. 13. I have subject matter jurisdiction under 28 U.S.C. § 1331 because plaintiff's claim arises under federal law.

ANALYSIS

This case is principally about whether MillerCoors retaliated against plaintiff, in violation of Title VII. MillerCoors's motion to dismiss does not attack plaintiff's basic claim of retaliation. Instead, MillerCoors identifies "certain aspects of her amended complaint [that] must be dismissed for failing to state a claim under [Rule] 12(b)(6)." Dkt. 12, at 1. The "aspects" that MillerCoors seeks to exclude are: (1) claims based on conduct that occurred before April 23, 2012, or after May 17, 2012; (2) claims based on conduct that occurred during plaintiff's employment with MillerCoors; (3) claims regarding retaliatory actions that are not employment related; and (4) claims regarding sex discrimination. *Id.* at 1-2. I will deny MillerCoors's motion in substantial part; mostly because it is unnecessary, but also because

3

plaintiff's EEOC charge indicates that she was complaining of a continuing violation. I will, however, adopt MillerCoors's proposal to limit this case to events that occurred after April 23, 2012. MillerCoors also correctly observes that the individuals named as defendants are not subject to suit under Title VII, and I will dismiss them from the case.

A. The relevant time period

MillerCoors first asks the court to dismiss all claims relating to events that occurred before April 23, 2012, or after May 17, 2012. The company contends that plaintiff has failed to exhaust her administrative remedies for such claims, and cites to the "general rule [that] a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Here, plaintiff's charge states that discrimination took place between these two dates. *See* Dkt. 12-2, at 3. Thus, according to MillerCoors, the court must limit the scope of this case to the time period that plaintiff identified in her EEOC charge. The argument is persuasive only with regard to precluding plaintiff from basing her claims on events that occurred before April 23, 2012.

Plaintiff's EEOC charge indicates that MillerCoors's retaliation is ongoing. Although her charge provides "earliest" and "latest" dates for when discrimination occurred, she checked a box immediately below these dates to denote that she alleges a "continuing action." *Id.* By checking this box, plaintiff gave the EEOC adequate notice that she was complaining about an ongoing problem. This fact alone might foreclose MillerCoors's request to limit plaintiff's claims to past violations.

Even if plaintiff had not checked the box indicating a claim for a "continuing action," there are other reasons to deny MillerCoors's motion. The dates in plaintiff's EEOC charge are simply not dispositive. *Heard v. U.S. Steel*, No. 06-cv-615, 2006 WL 3775942, at *5 (S.D. Ill. Dec. 21, 2006) ("[T]he charge listed the dates of discrimination as June 9 to June 11, 2004.

4

This restriction cannot be dispositive given the nature of the Court's inquiry, but it is certainly relevant."); *Vitello v. Liturgy Training Publ'ns*, 932 F. Supp. 1093, 1100 (N.D. Ill. 1996) ("The court finds that the substance of the charge controls over the dates in the appropriate box on the EEOC charge form."). MillerCoors does not direct the court to any contrary authority, nor would such a strict requirement be appropriate in light of the Seventh Circuit's longstanding direction that EEOC "charges are to be construed with 'utmost liberality.'" *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 906 (7th Cir. 1981) (internal citations omitted); *see also Cheek*, 31 F.3d at 500. I may therefore look beyond the technical aspects of plaintiff's charge to determine whether the substance of her charge discusses ongoing retaliation. I conclude that it does.

Plaintiff's EEOC charge complains of ongoing activities by MillerCoors. In grammatical terms, plaintiff used the present progressive tense—as opposed to the past tense—to describe MillerCoors's actions. *See* Dkt. 12-2, at 3 ("The Respondent *is now hampering* my ability to find employment by *refusing* to provide a positive reference and by *treating* reference checks on my employment differently than it does for other past employees. . . . Respondent *is providing* unfavorable references.") (emphasis added). This charge does not suggest that MillerCoors's alleged retaliation has ended, or that the company took only one or two discrete and completed acts. And although plaintiff does not use the word "ongoing" in her charge, she may nevertheless bring suit on claims that "are like or reasonably related to the allegations in the EEOC charge." *Cheek*, 31 F.3d at 501 (internal quotation marks omitted). Here, a natural, common-sense reading of plaintiff's charge is that she wanted the EEOC to investigate an unresolved and ongoing problem that she was having with her former employer. *See Jean-Paul v. Oakton Cmty. Coll.*, No. 97-cv-7107, 1998 WL 196454, at *3 (N.D. Ill. Apr. 16, 1998) ("[T]he text of the charge [was] sufficient to provide fair notice of plaintiff's claims and to create an opportunity for

5

conciliation. [The court] will therefore consider these allegations even though they did not occur within the time period listed as the 'date discrimination took place.'"). I will deny MillerCoors's motion to exclude claims regarding retaliation that occurred after May 17, 2012.

I must reach a different result with regard to the date of the earliest unlawful conduct that plaintiff's EEOC charge can support. MillerCoors is correct that plaintiff failed to exhaust her administrative remedies for alleged retaliation that occurred before April 23, 2012. Plaintiff did not include her EEOC charge with her proposed complaints, and so I had no reason to limit the scope of this suit in the screening order. But now that MillerCoors has attached the charge as an exhibit to its motion to dismiss, Dkt. 12-2, it is appropriate to establish such limits. Under Title VII, a would-be plaintiff must file a charge of discrimination with the EEOC within 300 days after the alleged retaliation took place. 42 U.S.C. § 2000e-5(e)(1); *Johnson v. Milwaukee Sch. of Eng'g*, 258 F. Supp. 2d 896, 901 (E.D. Wis. 2003) ("[A] Wisconsin plaintiff must file a charge of discrimination with the EEOC or ERD within 300 days after the alleged unlawful employment practice occurred.") (internal citations and quotation marks omitted). A charge filed beyond the 300-day window is barred and, in turn, cannot be the subject of a civil suit. *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 536 (7th Cir. 2013).

MillerCoors seeks dismissal of any claims arising out of conduct that occurred before April 23, 2012, Dkt. 12, at 5, and the company is correct that plaintiff has failed to exhaust her administrative remedies for any earlier conduct. Plaintiff signed and dated her charge on February 22, 2013. Dkt. 12-2, at 3. Subtracting 300 days from this filing date yields April 28, 2012, as the earliest date that plaintiff's charge could reach. Although plaintiff has technically failed to exhaust her remedies for conduct that occurred before April 28, 2012, MillerCoors appears to be willing to give plaintiff the extra five days. This is MillerCoors's prerogative as "[f]iling a timely charge with the EEOC is not a jurisdictional prerequisite to suit in federal

6

court; rather, it is an affirmative defense akin to administrative exhaustion." *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007). Plaintiff does not argue against excluding earlier conduct, and I will therefore grant MillerCoors's motion to dismiss any claims arising out of retaliation that occurred before April 23, 2012.

B. The other named defendants

In her proposed complaint, plaintiff named MillerCoors, Mike Lozano, Rory Peters, Chris Leto, and Eric Tillman as defendants. Dkt. 1, at 1. She identified the individual defendants as "managers/supervisors," and referred to them throughout her proposed amended complaint. Dkt. 7. Lozano, Peters, Leto, and Tillman have not yet been served, but MillerCoors observes that supervisors are not appropriate defendants in this case because Title VII does not impose individual liability. Dkt. 12, at 4 n.3 (citing *Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012)). Plaintiff has not alleged any non-Title VII claims against her supervisors, and so they must be dismissed from this case. I will direct the U.S. Marshal to forgo another attempt to serve them, and in future filings, their names should not appear in the caption.

C. MillerCoors's remaining arguments

In addition to the grounds already discussed, MillerCoors seeks dismissal of claims based on conduct that occurred during plaintiff's employment with MillerCoors; claims regarding retaliatory actions that are not employment related; and claims regarding sex discrimination. But in the November 18 screening order, Dkt. 8, I denied plaintiff leave to proceed on any such claims, therefore rendering much of MillerCoors's motion unnecessary.

After screening plaintiff's amended complaint, I permitted her to proceed on her retaliation claim. *Id.* at 5. Specifically, I concluded that plaintiff could "proceed on her allegations involving defendants passing disparaging information about her to prospective employers and refusing to give her a neutral reference (to the extent that MillerCoors promised

7

to do so as part of its settlement agreement in plaintiff's 2011 lawsuit)." *Id.* There are no other claims in this lawsuit, and so MillerCoors did not need to move to dismiss them.

I explicitly addressed many of the concerns that MillerCoors raises regarding the scope of this case. The screening order noted, in pertinent part, that:

> I will not, however, permit plaintiff to proceed on claims involving allegations of pranks and other poor treatment that occurred outside the context of plaintiff's employment. She may not, for example, base a retaliation claim on her neighbors' rude remarks or behavior or on allegations of unsatisfactory responses from police officers. Nor will I permit plaintiff to proceed on claims that involve conduct that occurred while plaintiff was still employed with MillerCoors. Plaintiff affirmatively alleges that this case is about MillerCoors retaliating against her for a lawsuit she filed in 2011; a lawsuit that, according to plaintiff, addressed workplace harassment and sex discrimination. Plaintiff confirms that the first lawsuit settled, and she cannot now seek to revive those allegations to form the basis of a second suit against MillerCoors.

*Id.* at 5-6. Although I did not expressly deny plaintiff leave to proceed on a claim of sex discrimination, I explained that this suit is about retaliation and nothing else. If MillerCoors requires something more explicit, here it is: plaintiff may not proceed against MillerCoors with a claim of sex discrimination.

ORDER

IT IS ORDERED that:

1. Defendant MillerCoors's partial motion to dismiss, Dkt. 11, is GRANTED in part. Plaintiff Amy Gable's claims of retaliation arising out of events that occurred before April 23, 2012, are DISMISSED, consistent with the opinion above.

2. Defendants Mike Lozano, Rory Peters, Chris Leto, and Eric Tillman are DISMISSED from this case, as explained above. The United States Marshal need not re-attempt to serve them, and future filings in this case should not include their names in the caption.

3. The remainder of MillerCoors's partial motion to dismiss, Dkt. 11, is DENIED as unnecessary.

Entered April 1, 2015.

> BY THE COURT:
>
> /s/_____
> JAMES D. PETERSON
> District Judge