IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| AMY L. GABEL, | |
| Plaintiff, | ORDER |
| v. | 14-cv-489-jdp |
| MILLERCOORS,[1] | |
| Defendant. | |

---

Plaintiff Amy Gabel has filed a motion asking the court to address two discovery-related disputes that she is having with defendant MillerCoors. First, Gabel seeks more time to respond to MillerCoors's discovery requests. MillerCoors does not oppose the extension, and so I will grant Gabel's motion in this regard. She may have until September 1, 2015, to respond to MillerCoors's requests for production of documents, interrogatories, and request to admit. I will remind Gabel, however, that her failure to meet this deadline could result in sanctions, up to and including dismissing her complaint. *See* Fed. R. Civ. P. 37.

Gabel's second request is for an order requiring that her deposition be conducted via video. She currently resides in Maryland, and she contends that travelling back to Wisconsin to attend a deposition will cause her considerable hardship. MillerCoors opposes this aspect of Gabel's motion, insisting that she attend a deposition in the district where she filed her lawsuit. But MillerCoors has not asked Gabel to appear for a deposition in the Western District of Wisconsin. The challenged notice of deposition instructs Gabel to appear in Milwaukee. Dkt. 24-1, at 3. Thus, neither party wants to conduct the deposition in this

---

[1] I have updated the caption to reflect that the defendants who I dismissed, Dkt. 20, are no longer part of this case.

district; the choice is between Gabel's preferred location and MillerCoors's preferred location. The parties' relative burdens and the "just, speedy, and inexpensive determination" of this case weigh in favor of allowing Gabel to remain in Maryland for her deposition. Fed. R. Civ. P. 1.

Even if MillerCoors had insisted that Gabel appear in this district, I would nevertheless agree that her request for a video deposition is reasonable. True, she has not submitted documentary proof of a medical condition that would preclude her from travelling, or of her financial hardship. But requiring Gabel to supplement her motion with such proof would only draw out a relatively minor discovery dispute. Nor are MillerCoors's reasons for wanting its counsel to evaluate Gabel's body language and general demeanor overly persuasive. An assessment of Gabel's demeanor would go to her credibility, something that I could not consider at summary judgment, and that a jury would likely reevaluate at trial. Although depositions by video can be awkward, particularly with regard to using exhibits, MillerCoors can prevent any cumbersomeness by carefully organizing any exhibits that it plans to use. Of course, MillerCoors can also travel to Maryland if an in-person deposition is truly as crucial as it contends. I will remind Gabel that she must do her part as well. I expect her to cooperate during her deposition, and MillerCoors should file an appropriate motion for sanctions if she fails to do so.

ORDER

IT IS ORDERED that plaintiff Amy Gabel's "motion/request to be deposed through video recorded deposition and for an extension of time to respond to discovery requests," Dkt. 22, is GRANTED. Gabel may have until September 1, 2015, to respond to defendant

MillerCoors's discovery requests. MillerCoors is instructed to conduct Gabel's deposition by video, or in-person in Maryland.

Entered July 24, 2015.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge