IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMY L. GABEL,

                      Plaintiff,

    v.

MILLERCOORS,

                      Defendant.

ORDER

14-cv-489-jdp

---

On August 11, 2015, I held a telephonic status conference with the parties to resolve a dispute about scheduling plaintiff Amy Gabel's deposition. The parties agreed to reschedule Gabel's deposition for Saturday, September 12, 2015, at 9:00 a.m., to avoid conflicting with Gabel's class schedule. The remaining deadlines in this case will stay the same, including Gabel's deadline for responding to defendant MillerCoors's discovery requests, which is September 1, 2015.

I discussed three other issues during the conference. First, I explained to Gabel that MillerCoors is entitled to use up to seven hours for the deposition, pursuant to Federal Rule of Civil Procedure 30(d)(1). Counsel for MillerCoors indicated that the deposition may not last that long, but I will remind Gabel that any time for breaks or meals does not count against the seven-hour limit. I encouraged both parties to cooperate as they conduct the deposition, and they assured me that they would.

Second, I reviewed this court's procedures for filing sensitive information under seal. As a general matter, "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Thus, Gabel should expect that the

information that she files with the court will be publically available. But if Gabel files particularly sensitive information (such as medical records or her class schedule), then she may take the following steps to request that it be kept private:

1. Create and file a redacted copy of the document;

2. File a completely unredacted copy of the document under seal; and

3. At the same time that she files the unredacted copy under seal, file a motion that briefly explains why the court should seal the document.

Gabel indicated that she understood these procedures.

Third, Gabel mentioned that the trial date in this case may conflict with one of her final exams. I urged Gabel to obtain her exam schedule as soon as possible and to file a motion to amend the trial calendar if she indeed has a conflict. Gabel should be aware, however, that she began this case, and so she may have to adjust her other personal commitments to prosecute it. Gabel will have to show good cause to adjust the remaining deadlines in this case. *See* Fed. R. Civ. P. 16(b)(4).

ORDER

IT IS ORDERED that plaintiff Amy Gabel's "motion/request regarding deposition scheduling," Dkt. 27, is GRANTED in part, as explained above. Defendant MillerCoors is directed to conduct Gabel's deposition on September 12, 2015, at 9:00 a.m.

Entered August 12, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge