IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMY L. GABEL,

                                                                    ORDER
                        Plaintiff,

        v.                                                          14-cv-489-jdp

MILLERCOORS,

                        Defendant.

---

Plaintiff Amy Gabel filed a letter with the court identifying three issues that relate to this case. Dkt. 35. First, Gabel moves the court to seal her medical and tax records. I will deny Gabel's request. During a telephonic status conference on August 12, 2015, I reviewed with Gabel this court's procedures for sealing documents. I also included this summary in a brief order following the conference. *See* Dkt. 32. Gabel did not follow these procedures in requesting to seal her medical and tax records. To reiterate, if Gabel wishes to seal sensitive information, then she must file three separate documents:

  1. A redacted copy of the document that she wants to seal;

  2. A completely unredacted copy of the document, flagging it as filed "under seal"; and

  3. A motion that briefly explains why the court should seal the document.

If there are documents that are already on the docket that Gabel wishes to seal, then she must identify them (by docket number) and she must file a redacted copy of each document for the court to include in the publically available docket sheet.

Second, Gabel asks for permission to provide her medical and tax records to only the court, and not to defendant MillerCoors. I will also deny this request. Parties generally do not file materials produced during discovery with the court, unless they are using those

materials to support or oppose a specific motion. And it would defeat the purpose of discovery if MillerCoors was unable to review the materials that it requested from Gabel. MillerCoors and its counsel will comply with the Health Insurance Portability and Accountability Act's privacy provisions, which will protect Gabel's information from unauthorized disclosure. I will also instruct MillerCoors's counsel to exercise professional judgment when deciding what information to share directly with MillerCoors. If Gabel feels that these protections are inadequate, then she may file a motion for a protective order that proposes a workable alternative.

Third, Gabel alludes to holding the trial in "a neutral place" because she does not believe that she will receive an impartial jury in Wisconsin. I will deny this request. Gabel filed this case in the Western District of Wisconsin, which means that if it goes to trial, the jury will be comprised of eligible residents of this district. Gabel is concerned that "the people in Wisconsin are loyal to the University of Wisconsin whom [she] had to sue in order to protect [her] job." Dkt. 35, at 2. But this case is about whether *MillerCoors* unlawfully retaliated against her, not the university. Gabel is also concerned that people in Milwaukee are loyal to MillerCoors. But Milwaukee is not in the Western District of Wisconsin, and so the jury would not include residents who currently live in Milwaukee. In addition, Gabel will have the opportunity to ask questions of every potential juror and to participate in selecting the jury that will hear her case. These measures are adequate to ensure that Gabel will receive a fair trial.

ORDER

IT IS ORDERED that plaintiff Amy Gabel's "motion to seal document medical and tax records," Dkt. 35, is DENIED.

Entered August 20, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge