IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMY L. GABEL,

                Plaintiff,

v.

MILLERCOORS,

                Defendant.

ORDER

14-cv-489-jdp

---

*Pro se* plaintiff Amy Gabel has filed two discovery-related motions. The first is a motion to compel defendant MillerCoors to answer Gabel's "Written Discovery Request #1." Dkt. 37. I will deny this motion because MillerCoors states that it has produced all relevant responsive documents and information in its possession. Gabel's second motion is a motion to strike the materials that MillerCoors filed with its opposition to her motion to compel. Dkt. 42. I will deny this motion because, contrary to Gabel's assertion, MillerCoors properly served these materials on Gabel through ECF, the court's electronic filing system.

**A. Motion to compel**

Gabel served one large discovery request, which MillerCoors separated into two sub-requests: one seeking documents and information about the extent of MillerCoors's contacts with Gabel's prospective employers, and one seeking the specific documents concerning Gabel that MillerCoors provided to those prospective employers.

MillerCoors responded to the first sub-request by providing the "work number," which is a telephone number that the company gives to third-party employers who can call to verify an applicant's employment with MillerCoors. MillerCoors also indicated that it would supplement its responses as discovery continued, particularly with records from Equifax

Workforce Services, the third-party company that operates the work number. MillerCoors subpoenaed these records, but Equifax refused to provide any information directly to MillerCoors unless Gabel signed a release and submitted proof of identity. MillerCoors conveyed this information to Gabel and provided her with a release to sign.

MillerCoors also responded to the first sub-request by producing 15 pages of responsive documents, including several email messages about Gabel's attempts to obtain a reference from MillerCoors. But MillerCoors refused to provide the personal cell phone numbers of Eric Tillman, Chris Leto, Rory Peters, and Mike Lozano—Gabel's supervisors—asserting that this information was irrelevant and not likely to lead to the discovery of admissible evidence.

With regard to Gabel's second sub-request, MillerCoors stated that no records existed for conversations between the supervisors and the prospective employers that Gabel identified. Further, MillerCoors affirmatively stated that no such conversations *even occurred* because company policy was to refer all requests for references to the work number.

Gabel's motion does not specifically indicate how MillerCoors's responses are deficient. Instead, Gabel asserts that "I do not believe MillerCoors has taken my discovery request seriously. I am asking that the court asks MillerCoors to respond to my discovery request number 1 in [its] entirety. . . . I think that phone records is a standard request and is crucial to this case." Dkt. 37.[1] From these statements, I assume that Gabel thinks that

---

[1] In her reply brief, Gabel contends that MillerCoors issues "work" cell phones to all supervisors and that she wants the numbers and call logs for these phones. Dkt. 41, at 1. But MillerCoors has affirmatively stated that Gabel's supervisors did not have conversations with prospective employers. Without identifying a reason to doubt MillerCoors's assertion, Gabel is not entitled to the phone numbers or call logs because they are irrelevant. If Gabel provides evidence that her supervisors did, in fact, use their company-issued cell phones to communicate with prospective employers, then she may renew her motion to compel.

MillerCoors has withheld responsive documents. But Gabel has not presented evidence to support such a suspicion, and I cannot order MillerCoors to produce documents that do not exist. *See Turner v. Rataczak*, No. 13-cv-48, 2014 WL 834721, at *4 (W.D. Wis. Mar. 4, 2014). After reviewing the parties' submissions, I conclude that MillerCoors has responded appropriately to Gabel's discovery requests. I will therefore deny her motion to compel.

MillerCoors's adequate responses justify denying Gabel's motion to compel. But I must briefly address a separate procedural deficiency in her motion. Under Federal Rule of Civil Procedure 37(a)(1), a party must meet and confer with opposing counsel before filing a motion to compel. Gabel did not satisfy this requirement. She contends that she was unaware of the rule because she is not an attorney and that she does not want to have to interact with opposing counsel. These reasons do not excuse Gabel from complying with Rule 37. The court's preliminary pretrial conference order explicitly emphasized the importance of the Federal Rules of Civil Procedure and informed Gabel that it is *her duty* to review the rules and to know which ones apply to her case. Dkt. 21, at 1-2. In the future, Gabel must take care to comply with these requirements.

B.  Motion to strike

Gabel has moved to strike MillerCoors's response to her motion to compel. Dkt. 42. She contends that MillerCoors never served her with its brief in opposition and supporting documents. But MillerCoors filed a certificate of service stating that its counsel mailed copies of these materials to Gabel via U.S. Mail and by email on October 5, 2015. Dkt. 40. Although I would encourage the parties to confirm that they are using the correct addresses, I will deny Gabel's motion to strike because she acknowledges that she was served electronically, through ECF. Dkt. 42. Under this court's procedures for electronic filing, a

3

party using ECF is served once that party receives a notice of electronic filing. *See Electronic Filing Procedures*, Western District of Wisconsin, http://www.wiwd.uscourts.gov/electronic-filing-procedures#D._Service (last visited, Oct. 14, 2015). Thus, MillerCoors properly served Gabel with its response to her motion to compel; any additional copies that counsel sent her (or tried to send) were a courtesy. I will deny Gabel's motion to strike.

**C. Sealed records**

Some of Gabel's filings renew her earlier concerns about sealing documents in this case. *See, e.g.*, Dkt. 41, at 2. I have already addressed this issue, and I have explained the procedure for filing documents under seal. Gabel should review my previous orders, Dkt. 32 and Dkt. 36, which explain the steps that she must take to file documents under seal or to request that already-filed documents be placed under seal. Until Gabel complies with these requirements, I will not seal any documents in this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Amy Gabel's motion to compel, Dkt. 37, is DENIED.

2. Plaintiff's motion to strike, Dkt. 42, is DENIED.

3. Plaintiff is directed to review Federal Rule of Civil Procedure 37, particularly the provisions requiring her to meet and confer with opposing counsel before filing a motion to compel discovery.

Entered October 16, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge